COURT OF APPEAL

PARISH OF ORLEANS.

Court of Appeal.

PARISH OF ORLEANS

FILED MAR 14/22

ROBERT H. MARR

versus

BOARD OF PORT COMMISSIONERS OF THE

PORT OF NEW ORLEANS.

--------

Dinkelspiel; J.

Statement of facts:

Plaintiff sues defendant, which is a State Agency, created by Act 70 of the General Assembly of the State of Louisiana of the year 1896, alleging that said defendants were indebted to him in the full sum of $40.50. That defendant is the tenant or lessee of petitioner under a verbal lease by which said defendant agreed to pay your petitioner a monthly rental of $13.50 for eleven lots of ground in square 903 in the Third District of the City of New Orleans, bounded by Roman, Derbigny, Japonica and Manuel Streets, measuring together, three hundred forty one feet on Japonica Street by one hundred and twenty feet in depth; and that said defendant has paid the rental of the said property up to November 1st, 1930, but refuses, notwithstanding amicable demand, to pay the rental due for the months of November and December, 1920 and January, 1921, although defendant has occupied and used said property since November 1st, 1920 and is still in possession of same; and alleging further that plaintiff is informed and believes that defendant has in its possession, sufficient funds to pay petitioner the rent of said property now due and owing and prays for citation and judgment for the amount claimed.

702

The answer asserts that defendant is an Agency of the State of Louisiana but denies that it is indebted unto plaintiff in the sum of $39.90; denies that defendant is the tenant or lessee of the property described in plaintiff's petition or that defendant owes any sum of money to plaintiff for rent, but avers the facts to be:

That the relations of plaintiff and defendant was not that of lessor and lessee but that no lease had ever been contracted legally between the parties.

The allegations of the other part of the answer of the defendant that it having taken possession of the property in question under various laws of this State quoted by it in its answer and its legal right so to do, is made part and parcel of the answer in question.

Reasons for judgment:

The matter before me, as Judge, to whom this case was alloted and on which I base my opinion was entirely founded on the fact, whether or not the defendant Board had or not rented the property in question, under a lease.

Plaintiff contends that having been paid certain sums at a certain time, of itself, without any resolution of the Board or without any written lease, created the relations as landlord and tenant. I do not think this is good law and a lease between plaintiff and defendant should have been made and must be made in writing and cannot be made orally and the mere fact that payments were made by the Board for use of this property during its occupancy, does not in my view of the matter constitute a lease.

I did not attempt to decide nor did I decide the questions whether or not the defendant had a right to expropriate or appropriate the property in question, considering that I had no authority to inquire into this

703

matter at all.

The only question was whether or not there was a lease under the law, and Articles of the Civil Code 1797 and 1798 are controlling and under these Articles and the fact that dealing with defendant as a corporation, particularly in matters of leases, there was no written lease and hence I reversed the judgment of the lower Court and rendered judgment in favor of the defendant.

Respectfully submitted,

Max Dinkelspiel
Judge.